UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 3:07-CR-35 |
| V. ) | (VARLAN /SHIRLEY) |
| ) | |
| JEFFREY D. JONES, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. On January 17, 2008, this criminal action came before the Court on the defendant's Motion to Continue Motion Deadline [Doc. 15] and Motion to Continue. [Doc. 16] Attorney J. Edgar Schmutzer appeared on behalf of the government. Attorney Jonathan Moffatt appeared on behalf of defendant Jeffrey D. Jones, who was also present.

The defendant moves the Court to extend the motion cut-off deadline, which expired on January 4, 2008, and to continue the trial in this matter, which is currently set for January 31, 2008. As grounds, defense counsel states that investigation into the circumstances of this case is ongoing, as is review of discovery, and that additional consultation with a mental health expert is needed. Because of all of these factors, defense counsel contends that he will need additional time to file any necessary motions, and thus cannot be ready for trial on January 31, 2008. Defense counsel further states that a continuance of the trial would also allow the parties to further explore other means of resolving this matter. Additionally, at the hearing defense counsel stated that one

of the ATF Agents involved in this matter is currently out of the country because of military service and that his absence has complicated matters, because defense counsel has been unable to speak directly to the absent agent, nor to review the stored discovery with the agent (who is the key witness, the case agent, and the custodian of the items in issue). The parties indicated that the agent should be returning to the country within the next few weeks, at which time defense counsel will be able to meet with the agent to determine what tests were run, to determine the results of any such tests, and to review any reports that have been generated. During the hearing, the government stated that it does not oppose the defendant's motions.

In light of the arguments made by the defendant, the Court finds that the ends of justice served by a continuance outweigh the interest of the defendant and the public in a speedy trial. See 18 U.S.C. § 3161(h)(8)(A). Specifically, the Court finds that failure to grant a continuance under these circumstances would deny the defendant the reasonable time necessary for effective preparation for trial, resulting in a miscarriage of justice. See 18 U.S.C. § 3161(h)(8)(B)(i),(iv). As evidenced by defense counsel's request to reset the motion cut-off date, defense counsel will need time to review the discovery and meet with the case agent, to evaluate whether any motions should be filed, to prepare to those motions, the government will need time to respond to any such motions, the Court would need time to rule on any such motions, the District Court would need time to rule on any objections to any matters this Court was required to handle through Report and Recommendation, and both parties will then need time to prepare for trial. The Court finds that this could not take place before the January 31, 2008, trial date, or in less than approximately 90 days. Accordingly, the defendant's motions [Docs. 15, 16] are hereby **GRANTED**, and the Court set a new trial date of **May 12, 2008**, a new motion cut-off date of **February 15, 2008**, with responses

due on or before **February 29, 2008**, and a new final pretrial conference date and motion hearing of **March 5, 2008, at 10:00 A.M.**

During the hearing, the parties agreed that all time between the January 17, 2008, hearing and the new trial date of May 12, 2008, is fully excludable time under the Speedy Trial Act. Additionally, the Court finds that all time between the January 17, 2008, hearing and the new trial date is fully excludable time under the Speedy Trial Act for the reasons set forth above. See 18 U.S.C. § 3161(h)(8)(A)-(B)(i) and (iv).

Accordingly, it is **ORDERED**:

(1) The defendant's motions [Docs. 15, 16] are hereby **GRANTED**;

(2) The trial of this matter is reset to commence on **May 12, 2008, at 9:00 a.m.,** before the Honorable Thomas A. Varlan, United States District Judge;

(3) All time between the **January 17, 2008,** hearing and the new trial date of **May 12, 2008**, is fully excludable time under the Speedy Trial Act for the reasons set forth above;

(4) A new motion cut off date is set for **February 15, 2008**;

(5) Responses are due on or before **February 29, 2008**; and

(6) A pretrial conference and motion hearing is set for **March 5, 2008, at 10:00 A.M.** before the undersigned.

**IT IS SO ORDERED.**

ENTER:

   s/ C. Clifford Shirley, Jr.
United States Magistrate Judge