IN THE UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 3:07-CR-35 |
| | ) | (VARLAN/SHIRLEY) |
| V. | ) | |
| | ) | |
| JEFFREY DEAN JONES, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the district court as may be appropriate. This matter is before the Court on the government's Motion to Reopen Evidentiary Hearing. [Doc. 43] On July 15, 2008, the Court conducted a hearing on the instant motion. Assistant United States Attorney J. Edgar Schmutzer appeared on behalf of the government, and attorneys Jonathan A. Moffatt and Ronald C. Newcomb appeared on behalf of the defendant, who was also present.

The government moves the Court to reopen the evidentiary hearing, conducted June 3, 2008, as to the defendant's motions to suppress. [Docs. 20 and 21] The government contends that it is necessary for it to present additional information in response to the testimony offered by Dr. Brent Coyle. Specifically, the government seeks to introduce the testimony of Dr. Sarath Gangavarapu ("Dr. Sarath"), a doctor who treated the defendant at the time at issue in the defendant's motions to suppress. The defendant opposes the motion.

The decision on whether to reopen a suppression hearing is within the discretion of the trial court. United States v. Carter, 374 F.3d 399, 405 (6th Cir. 2004), judgment vacated on unrelated grounds, 543 U.S. 1111 (2005) (citing United States v. Lawrence, 308 F.3d 623, 627 (6th Cir. 2002)) (comparing reopening suppression hearings to reopenings generally: "A ruling on whether to reopen a suppression hearing is governed by principles of jurisprudence that relate to reopening proceedings, generally."). "In exercising its discretion, the court must consider the timeliness of the motion, the character of the testimony, and the effect of granting the motion. The party moving to reopen should provide a reasonable explanation for failure to present the evidence." United States v. Blankenship, 775 F.2d 735, 740-41 (6th Cir. 1985). The Sixth Circuit has further stated the "most important consideration is whether the opposing party is prejudiced by the reopening." Id. "One of the critical factors in evaluating prejudice is the timing of the motion to reopen." Id.

The Court notes that during the evidentiary hearing the government seeks to reopen, AUSA Schmutzer stated that he had not received the medical records relied upon by Dr. Coyle. [Transcript of the June 3, 2008, evidentiary hearing, Doc. 40 at p.105] Defense counsel offered to provide copies of those records to the government after the hearing. [Id.] At the close of the hearing, the Court gave the parties leave to file post-hearing briefs on or before June 13, 2008. On June 10, 2008, the government filed its motion seeking leave to discuss the defendant's medical treatment with Dr. Sarath. [Doc. 38] On June 11, 2008, the Court granted the government's motion, and extended the post-hearing brief deadline to June 20, 2008. On June 20, 2008, the government filed its post-hearing brief [Doc. 44], as well as the instant motion to reopen.

With this background in mind, and having considered the arguments of counsel, the Court finds that the government's motion to re-open was timely, as it was filed soon after the government

2

was granted access to Dr. Sarath and while the defendant's suppression motions were still under advisement by the Court. The Court further finds that the government has made a sufficient showing of why the evidence at issue was not presented at the original hearing, given that the government did not receive the defendant's medical records until after the hearing and did not receive permission to speak with Dr. Sarath until after the hearing. The Court finds that the evidence the government seeks to present is relevant and that its consideration is necessary for the accurate resolution of the defendant's motions to suppress. Finally, as to prejudice to the defendant, the Court finds that any prejudice that might result can be protected against by allowing the defendant to recall Dr. Coyle to rebut any evidence presented by Dr. Sarath. Accordingly, the government's motion [Doc. 43] is hereby **GRANTED**. The June 3, 2008, evidentiary hearing will be reopened, and a supplemental evidentiary hearing will be held on **August 7, 2008, at 10:00 a.m**. In light of the reopening, the Court will hold the defendant's motions to suppress in abeyance until the close of the August 7 hearing.

    **IT IS SO ORDERED.**

ENTER:

    <u>s/ C. Clifford Shirley, Jr.</u>
    United States Magistrate Judge