UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 3:07-CR-35 |
| V. | ) | (VARLAN/SHIRLEY) |
| | ) | |
| JEFFREY DEAN JONES, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>MEMORANDUM AND ORDER</u>**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. On August 7, 2008, this criminal action came before the Court for a status conference and motion hearing. Assistant United States Attorney J. Edgar Schmutzer appeared on behalf of the government and attorney Jonathan Moffatt appeared on behalf of the defendant, who was also present.

During the hearing, attorney Moffatt made an oral motion to continue the trial in this matter, currently scheduled for August 25, 2008, and an oral motion to continue the suppression hearing in this matter, which had previously been set for August 7, 2008. As grounds, attorney Moffatt stated that additional time was needed to prepare for the suppression hearing and that all parties would need additional time to prepare for trial after the Court ruled on the suppression issues. The Court found, and the parties agreed, that it was necessary to continue the suppression hearing and the August 25, 2008, court date in order to allow the defendant time to prepare for the hearing, for the Court to conduct the hearing, for the Court to issue a Report and Recommendation on the

suppression motions, for the District Court to addresses any objections to the Report and Recommendation, and for the parties to prepare for trial.

In light of the Court's finding, and the agreement of the parties, the Court finds that the ends of justice served by a continuance outweigh the interest of the defendant and the public in a speedy trial. See 18 U.S.C. § 3161(h)(8)(A). Specifically, the Court finds that failure to grant a continuance under these circumstances would deny the defendant the reasonable time necessary for effective preparation for trial, resulting in a miscarriage of justice. See 18 U.S.C. § 3161(h)(8)(B)(i),(iv). The Court finds that additional time is needed: to allow the defendant to prepare for the suppression hearing; for the Court to conduct the hearing and rule on the suppression motions; for the District Court to rule on any objections to the undersigned's Reports and Recommendation; and for both parties to then prepare for trial based upon the resolution of the suppression motions. The Court finds that this could not take place before the August 25, 2008, trial date, or in less than approximately five months. Therefore, the defendant's oral motion to continue the trial is hereby **GRANTED** and the trial in this matter is hereby **CONTINUED** to **January 13, 2009**. The Court further finds, and the parties agreed, that all time between the August 7, 2008, hearing and the new trial date of January 13, 2009, is fully excludable time under the Speedy Trial Act. See 18 U.S.C. § 3161(h)(8)(A)-(B)(i) and (iv).

In addition, the defendant's oral motion to continue the suppression hearing is hereby **GRANTED**. The parties are **DIRECTED** to confer with their witnesses and to contact chambers to reschedule the suppression hearing.

In summary, it is **ORDERED** that:

(1) The defendant's oral motion to continue is hereby **GRANTED**;

(2)  The trial of this matter is reset to commence on **January 13, 2009, at 9:00 a.m.,** before the Honorable Thomas A. Varlan, United States District Judge;

(3) All time between the August 7, 2008, hearing and the new trial date of **January 13, 2009**, is fully excludable time under the Speedy Trial Act for the reasons set forth above;

(4)  The defendant's oral motion to continue the suppression hearing is hereby **GRANTED**; and

(5)  The parties are **DIRECTED** to confer with their witnesses and to contact chambers to reschedule the suppression hearing.

**IT IS SO ORDERED.**

                                          ENTER:

                                            s/ C. Clifford Shirley, Jr.
                                          United States Magistrate Judge